*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DR. SENA YADDEHIGE,

Plaintiff-Appellant,

v

XPERT TECHNOLOGIES, INC.,

Defendant-Appellee.

UNPUBLISHED
April 18, 2019

No. 341035
Oakland Circuit Court
LC No. 2016-155158-CB

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition to defendant and dismissing plaintiff's Uniform Commercial Code (UCC) and unjust-enrichment claims. We affirm.

This case concerns certain assets of Legacy Group Lighting, LLC, doing business as Creative Lighting Solutions (CLS) that were dispersed to defendant out of CLS's deposit account. Plaintiff alleges that he loaned CLS $3 million in 2013 and that, as collateral for the loan, CLS granted plaintiff a security interest in "all assets of CLS." In 2016, defendant obtained a judgment against CLS for $199,680 in a separate action. CLS satisfied this judgment with money from the deposit account.

Plaintiff then sued defendant, arguing that he held a perfected, first-priority security interest in the money used to satisfy the judgment. Plaintiff alleged that defendant's retention of the money would amount to unjust enrichment and sought an injunction preventing defendant from collecting on the judgment with collateral securing plaintiff's loan. The trial court granted summary disposition in defendant's favor, concluding, in pertinent part, that MCL 440.9332 protects persons who receive transfers of money from a debtor when those funds are subject to a preexisting security interest. This appeal followed.

On appeal, plaintiff argues that the trial court erred in its conclusion that MCL 440.9332 precluded plaintiff's UCC and unjust-enrichment claims. "We review de novo a trial court's grant or denial of summary disposition." *Tomra of North America, Inc v Dep't of Treasury*, 325 Mich App 289, 293-294; ___ NW2d ___ (2018). "A motion for summary disposition under

MCR 2.116(C)(10) tests the factual sufficiency of the claim, and is appropriately granted when, except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id*. at 294. MCL 440.9332 provides:

> (1) A transferee of money takes the money free of a security interest unless the transferee acts in collusion with the debtor in violating the rights of the secured party.

> (2) A transferee of funds from a deposit account takes the funds free of a security interest in the deposit account unless the transferee acts in collusion with the debtor in violating the rights of the secured party.

Plaintiff does not argue that defendant colluded with CLS to violate plaintiff's security interests. Additionally, plaintiff does not argue that defendant does not qualify as a "transferee" for the purposes of MCL 440.9332.[1] Rather, plaintiff argues that the protections set forth in MCL 440.9332(2) apply only to a security interest in the deposit account itself. As a necessary corollary to this argument, plaintiff appears to concede, as he must, that under MCL 440.9332(2) defendant accepted the transfer free of plaintiff's alleged security interest in the deposit account itself.

Plaintiff, however, alleges that his secured interest in "all assets of CLS" extends to CLS's "accounts receivable" and "cash." Plaintiff points out that, under MCL 440.9315(b), a "security interest attaches to any identifiable proceeds of collateral." According to plaintiff, the money in the deposit account was the "proceeds" of CLS's accounts receivable and cash, meaning that plaintiff's security interest extends to these funds under MCL 440.9315(b). Plaintiff argues that, because MCL 440.9332(2) applies only to a security interest in the deposit account itself, defendant's judgment interest in the money in the deposit account must yield to plaintiff's higher-priority interest in that money as proceeds of secured collateral. Plaintiff's argument is without merit.

First, plaintiff has failed to set forth any evidence establishing that the money in the deposit account is actually identifiable cash proceeds of collateral securing his loan. Plaintiff argues that the affidavit of CLS's vice president establishes that the money in the deposit account was the proceeds of secured collateral but this affidavit only states that CLS and plaintiff entered into a loan agreement. The deposit account is mentioned nowhere in the affidavit.

Second, assuming *arguendo* that the money in the deposit account was the proceeds of secured collateral, plaintiff fails to acknowledge MCL 440.9332(1), which provides that a "transferee of *money* takes the *money* free of a security interest unless the transferee acts in collusion with the debtor in violating the rights of the secured party." (Emphasis added). Subsection (1) provides the same protection as subsection (2), but is not limited to a security interest in the deposit account. See MCLA 440.9332, comment 2. Rather, subsection (1)

---

[1] See *Orix v Kovacs*, 167 Cal App 4th 242 (2008) (concluding that a judgment creditor qualifies as a transferee).

protects a transferee from a security interest in the money itself. To the extent that defendant argues that MCL 440.9315(b) compels a different result when the money is cash proceeds, comment 7 to MCLA 440.9315 belies that argument, clarifying that in many cases "a purchaser or other transferee of the cash proceeds will take free of the perfected security interest"—citing MCL 440.9332(1) and (2) as examples. Accordingly, assuming *arguendo* that plaintiff held a first-priority security interest in the cash proceeds contained in the deposit account, defendant was protected from that security interest under MCL 440.9332(1). Therefore, because there is no material question that plaintiff accepted transfer of the money in the deposit account free of any security interest alleged by plaintiff, the trial court properly dismissed plaintiff's UCC-related claims.

Regarding plaintiff's remaining claim, unjust enrichment "is defined as the unjust retention of money or benefits which in justice and equity belong to another." *Tkachik v Mandeville*, 487 Mich 38, 47-48; 790 NW2d 260 (2010) (internal citation and quotation marks omitted). As already explained, plaintiff has not established that the transfer at issue violated his alleged security interests. Moreover, plaintiff has not shown that the transfer has caused him any harm. Plaintiff acknowledges that CLS has made "regular monthly payments" to him against the loan "over the past several years" and does not argue that the transfer will prevent CLS from continuing to do so. Similarly, plaintiff has not argued that the transfer left CLS with insufficient collateral to fully secure the loan. Accordingly, plaintiff has failed to set forth a genuine issue of material fact that defendant's retention of the transfer resulted in an inequity to plaintiff. See *Karaus v Bank of New York Mellon*, 300 Mich App 9, 22-23; 831 NW2d 897 (2012). Thus, the trial court properly dismissed plaintiff's unjust-enrichment claim under MCR 2.116(C)(10).

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher

-3-